IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNION HOME MORTGAGE CORP.,**

    **Plaintiff**,

**v.**

**NICHOLAS CAPRETTA,** *et al.***,**

    **Defendants**.

Case No. 2:23-cv-3474
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth A. Preston Deavers

## ANSWER OF DEFENDANTS NICHOLAS CAPRETTA, MORGAN RODERICK AND GO MORTGAGE, LLC

Comes now Defendants Nicholas Capretta ("Capretta"), Morgan Roderick (Roderick") and Go Mortgage, LLC ("Go Mortgage") (collectively, "Defendants") in response to the Verified Complaint for Preliminary and Permanent Injunctive Relief and Damages ("Complaint") of Union Home Mortgage Corp. ("Union Home") which was filed October 19, 2023, and hereby **ANSWER** the Complaint as follows:

### FIRST DEFENSE

1. In response to the allegations contained in Paragraph 1, Defendants admit that Union Home is in the business of providing homeowners and prospective home buyers with mortgage and refinance loan products.

2. In response to the allegations contained in Paragraph 2, Capretta admits that he was previously employed by Union Home as an area sales manager at its office located in Columbus, Ohio.

3. In response to the allegations contained in Paragraph 3, Roderick admits that he was previously employed by Union Home as an area sales manager at its office located in Columbus, Ohio

1

4. In response to the allegations contained in Paragraph 4, Go Mortgage admits it is a Delaware limited liability company in the business of providing homeowners and prospective home buyers with mortgage and refinance loan products.

5. Paragraphs 1-4 are incorporated herein by reference.

6. In response to the allegations contained in Paragraph 6, Defendants admit Union Home asserts the claims in the Complaint and seeks relief in the Complaint.

7. In response to the allegations contained in Paragraph 7, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 7.

8. In response to the allegations contained in Paragraph 8, Capretta admits he is an Ohio resident who resides in Powell, Delaware County, Ohio.

9. In response to the allegations contained in Paragraph 9, Roderick admits he is an Ohio resident who resides in Powell, Delaware County, Ohio.

10. In response to the allegations contained in Paragraph 10, Go Mortgage admits it is a Delaware corporation with its principal place of business in Ohio.

11. In response to the allegations contained in Paragraph 11, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 11.

12. In response to the allegations contained in Paragraph 12, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 12 of the

Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 12.

13. In response to the allegations contained in Paragraph 13, Capretta states that Exhibit A speaks for itself. Capretta denies the remaining allegations in Paragraph 13.

14. In response to the allegations contained in Paragraph 14, Capretta states that Exhibit A speaks for itself. Capretta denies the remaining allegations in Paragraph 14.

15. In response to the allegations contained in Paragraph 15, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 15.

16. In response to the allegations contained in Paragraph 16, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 16.

17. All preceding Paragraphs are incorporated by reference.

18. In response to the allegations contained in Paragraph 18, Defendants state that the Capretta Employee Agreement speaks for itself. Capretta denies the remaining allegations in Paragraph 18.

19. In response to the allegations contained in Paragraph 19, Capretta and Roderick admit that they worked together at NOIC dba Concord Mortgage Group. Capretta and Roderick deny the remaining allegations in Paragraph 19.

20. In response to the allegations contained in Paragraph 20, Capretta admits he had access to certain Union Home's customers, prospective customers, and referral sources as part of

his employment with Union Home. Further answering, Capretta denies such information was confidential, proprietary, and trade secret information. Further answering, Capretta denies the remaining allegations in Paragraph 20.

21. In response to the allegations contained in Paragraph 21, Capretta admits he worked with customers, prospective customers, and referral sources as part of his employment with Union Home. Capretta denies the remaining allegations in Paragraph 21.

22. In response to the allegations contained in Paragraph 22, defendants are without knowledge to admit or deny the allegations so Defendants deny those allegations.

23. In response to the allegations contained in Paragraph 23, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 23.

24. In response to the allegations contained in Paragraph 24, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 24.

25. In response to the allegations contained in Paragraph 25, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 25.

26. In response to the allegations contained in Paragraph 26, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 26.

27. In response to the allegations contained in Paragraph 27, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 27.

28. In response to the allegations contained in Paragraph 28, Capretta states that the Capretta Employment Agreement speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 28.

29. In response to the allegations contained in Paragraph 29, Capretta states that he is without knowledge as to whether he was a trusteed employee of Union Home. Further answering, Capretta denies the remaining allegations in Paragraph 29.

30. In response to the allegations contained in Paragraph 30, Capretta is without information or knowledge sufficient to form a belief as to those allegations because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 30.

31. In response to the allegations contained in Paragraph 31, Capretta is without information or knowledge sufficient to form a belief as to those allegations because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 31.

32. In response to the allegations contained in Paragraph 32, Capretta is without information or knowledge sufficient to form a belief as to those allegations because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 32.

33. In response to the allegations contained in Paragraph 33, Capretta is without information or knowledge sufficient to form a belief as to those allegations because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 33.

34. In response to the allegations contained in Paragraph 34, Capretta admits that he resigned from employment with Union Home on or about October 7, 2022.

35. In response to the allegations contained in Paragraph 35, Capretta denies all allegations.

36. In response to the allegations contained in Paragraph 36, Go Mortgage denies all allegations.

37. In response to the allegations contained in Paragraph 37, Roderick states the Roderick Employment speaks for itself. Further answering, Capretta denies the remaining allegations in Paragraph 37.

38. In response to the allegations contained in Paragraph 38, Capretta and Roderick admit that they worked together at NOIC dba Concord Mortgage Group. Capretta and Roderick deny the remaining allegations in Paragraph 38.

39. In response to the allegations contained in Paragraph 39, Roderick admits he had access to certain Union Home's customers, prospective customers, and referral sources as part of his employment with Union Home. Further answering, Roderick denies such information was confidential, proprietary, and trade secret information. Further answering, Roderick denies the remaining allegations in Paragraph 39.

40. In response to the allegations contained in Paragraph 40, Roderick admits he participated in Union Home's Partners Coaching Partners program. Further answering, he denies that Union Home provided him with proprietary, confidential, and trade secret information and he denies all remaining allegations in Paragraph 40.

41. In response to the allegations contained in Paragraph 41, Roderick admits he worked with customers, prospective customers, and referral sources as part of his employment with Union Home. Roderick denies the remaining allegations in Paragraph 41.

42. In response to the allegations contained in Paragraph 42, Defendants are without knowledge as to those allegations and therefore deny all allegations in Paragraph 42.

43. In response to the allegations contained in Paragraph 43, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 43.

44. In response to the allegations contained in Paragraph 44, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 44.

45. In response to the allegations contained in Paragraph 45, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 45.

46. In response to the allegations contained in Paragraph 46, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 46.

47. In response to the allegations contained in Paragraph 47, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 47.

48. In response to the allegations contained in Paragraph 48, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies all remaining allegations in Paragraph 48.

49. In response to the allegations contained in Paragraph 49, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 49.

50. In response to the allegations contained in Paragraph 50, Roderick is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Roderick denies the allegations in Paragraph 50.

51. In response to the allegations contained in Paragraph 51, Roderick is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Roderick denies the allegations in Paragraph 51.

52. In response to the allegations contained in Paragraph 52, Roderick admits he resigned his position with Union Home on or around September 21, 2023. Further answering, Roderick denies the remaining allegations in Paragraph 52.

53. In response to the allegations contained in Paragraph 53, Roderick denies all allegations in Paragraph 53.

54. In response to the allegations contained in Paragraph 54, Roderick denies all allegations in Paragraph 54.

55. In response to the allegations contained in Paragraph 55, Roderick admits he now works for Go Mortgage as a loan officer. Further answering, Roderick denies all remaining allegations in Paragraph 55.

56. In response to the allegations contained in Paragraph 56, Go Mortgage admits the allegations in Paragraph 56 to the extent that Union Home and Go Mortgage operate in the State of Ohio and each competes with thousands of banks and lenders for the business of Ohio consumers.

57. In response to the allegations of Paragraph 57, Roderick admits that his employment with Go Mortgage is the same or similar capacity as his prior work for Union Home.

58. In response to the allegations contained in Paragraph 58, Roderick admits he works for Go Mortgage within one hundred miles of the Union Home office in Chillicothe, Ohio at which he worked. Further answering, Roderick denies all remaining allegations in Paragraph 58.

59. In response to the allegations contained in Paragraph 59, Roderick denies all allegations in Paragraph 59.

60. In response to the allegations contained in Paragraph 60, Roderick denies all allegations in Paragraph 60.

61. In response to the allegations contained in Paragraph 61, Roderick denies all allegations in Paragraph 61.

62. In response to the allegations contained in Paragraph 62, Go Mortgage denies all allegations in Paragraph 62.

63. In response to the allegations contained in Paragraph 63, Go Mortgage and Roderick deny all allegations in Paragraph 63.

64. All preceding paragraphs are hereby incorporated by reference.

65. In response to the allegations contained in Paragraph 65, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 65 of the

Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 65.

66. In response to the allegations contained in Paragraph 66, Roderick states that the Roderick Employment Agreement speaks for itself. Further answering, Roderick denies the remaining allegations in Paragraph 66.

67. In response to the allegations contained in Paragraph 67, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 67.

68. In response to the allegations contained in Paragraph 68, Roderick and Go are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 68 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Roderick and Go deny the allegations in Paragraph 68.

69. In response to the allegations contained in Paragraph 69, Roderick and Go Mortgage deny all allegations in Paragraph 69.

70. All previous paragraphs are incorporated herein.

71. In response to the allegations contained in Paragraph 71, Capretta is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 71 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 71.

72. In response to the allegations contained in Paragraph 72, Capretta is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 72 of the

Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 72.

73. In response to the allegations contained in Paragraph 73, Roderick and Go Mortgage deny all allegations in Paragraph 73.

74. All previous paragraphs are incorporated herein.

75. In response to the allegations contained in Paragraph 75, Capretta and Roderick are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta and Roderick deny the allegations in Paragraph 75.

76. In response to the allegations contained in Paragraph 76, Capretta admits he resigned his employment with Union Home on or about October 7, 2022. Further answering, Roderick admits he resigned his employment with Union Home on or about September 21, 2023. Further answering, Capretta and Roderick deny the remaining allegations in Paragraph 76.

77. In response to the allegations contained in Paragraph 77, Capretta is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 77 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Capretta denies the allegations in Paragraph 77.

78. In response to the allegations contained in Paragraph 78, Roderick denies all allegations in Paragraph 78.

79. In response to the allegations contained in Paragraph 79, Capretta and Roderick are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 79 of the Complaint because answering such allegations requires legal analysis and conclusions. To

the extent an answer is required, therefore, Capretta and Roderick deny the allegations in Paragraph 79.

80. In response to the allegations contained in Paragraph 80, Capretta and Roderick deny the allegations in Paragraph 80.

81. All preceding paragraphs are hereby incorporated by reference.

82. In response to the allegations contained in Paragraph 82, Roderick denies all allegations in Paragraph 82.

83. In response to the allegations contained in Paragraph 83, Roderick is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 83 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Roderick denies the allegations in Paragraph 83.

84. In response to the allegations contained in Paragraph 84, Capretta and Roderick deny the allegations in Paragraph 84.

85. All preceding paragraphs are hereby incorporated by reference.

86. In response to the allegations contained in Paragraph 86, Go Mortgage is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 86 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Go Mortgage denies the allegations in Paragraph 86.

87. In response to the allegations contained in Paragraph 87, Go Mortgage denies the allegations in Paragraph 87.

88. In response to the allegations contained in Paragraph 88, Go Mortgage denies the allegations in Paragraph 88.

89. In response to the allegations contained in Paragraph 89, Go Mortgage is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 89 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Go Mortgage denies the allegations in Paragraph 89.

90. All preceding paragraphs are hereby incorporated by reference.

91. In response to the allegations contained in Paragraph 91, Capretta and Roderick admit that they learned certain information while employed at Union Home, and deny all other allegations in this Paragraph.

92. In response to the allegations contained in Paragraph 92, Capretta and Roderick admit that they had access to certain information while employed at Union Home. Whether this information is the same laundry-list of information being referenced in Paragraph 92 is unknown at this time and accordingly the allegation is denied except to the extent admitted above.

93. In response to the allegations contained in Paragraph 93, Defendants deny the allegations in Paragraph 93 for lack of knowledge.

94. In response to the allegations contained in Paragraph 94, Defendants are without information or knowledge sufficient to form a belief as to the allegations in Paragraph 94 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 94.

95. In response to the allegations contained in Paragraph 95, Defendants deny the allegations in Paragraph 95 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 95.

96. In response to the allegations contained in Paragraph 96, Defendants deny the allegations in Paragraph 96.

97. In response to the allegations contained in Paragraph 97, Defendants deny the allegations in Paragraph 97 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 97.

98. In response to the allegations contained in Paragraph 98, Defendants deny the allegations in Paragraph 98 of the Complaint because answering such allegations requires legal analysis and conclusions. To the extent an answer is required, therefore, Defendants deny the allegations in Paragraph 98.

99. In response to the allegations contained in Paragraph 99, Defendants deny that Plaintiff is entitled to the relief requested. Further answering Defendants deny all allegations in Paragraph 99.

100. In response to the allegations contained in Paragraph 100, Defendants deny that Plaintiff is entitled to the relief requested. Further answering Defendants deny all allegations in Paragraph 100.

101. All preceding paragraphs are incorporated herein by reference.

102. In response to the allegations contained in Paragraph 102, Defendants deny all allegations in Paragraph 102.

103. In response to the allegations contained in Paragraph 103, Defendants state that the Capretta and Roderick Employee agreements speak for themselves. Further answering, Defendants deny all allegations in Paragraph 103.

104. In response to the allegations contained in Paragraph 104, Defendants deny all allegations in Paragraph 104.

105. In response to the allegations contained in Paragraph 105, Defendants deny all allegations in Paragraph 105.

106. In response to the allegations contained in Paragraph 106, Defendants deny all allegations in Paragraph 106.

107. In response to the allegations contained in Paragraph 107, Defendants deny all allegations in Paragraph 107.

108. In response to the allegations contained in Paragraph 108, Defendants deny all allegations in Paragraph 108.

109. Defendants deny each and every allegation contained in the Complaint that is not specifically admitted herein.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

As separate and affirmative defenses, Defendants allege accord and satisfaction, failure of consideration, laches, license, and any other matter constituting an avoidance or affirmative defense if and to the full extent these defenses may be supported by facts which are not now known but may later be ascertained during discovery and pursuant to Fed.R. Civ. P. 8(c) and Fed. Rs. Civ. P. 15(b), (c).

**FOURTH DEFENSE**

As a separate affirmative defense, Defendants allege that Union Home had a duty to mitigate damages and, to the extent Union Home failed to do so, recovery is barred or Defendants are entitled to set-off.

**FIFTH DEFENSE**

As a separate and affirmative defense, Defendants allege that the Complaint is barred by Union Home's own deliberate action and inaction, which would result in unjust enrichment.

**SIXTH DEFENSE**

As a separate and affirmative defense, Defendants allege that the claims are barred by Union Home's material breaches of any contracts or agreements under which it claims entitlement to recover.

**SEVENTH DEFENSE**

As a separate and affirmative defense, Defendants alleges that the contracts under which Union Home seeks recovery were not validly formed based on lack of consideration.

**EIGHTH DEFENSE**

As a separate and affirmative defense, Defendants allege impossibility or impracticability. Plaintiff knew or should have known that Capretta and Roderick could not comply with the unreasonable and unduly restrictive covenants in the Capretta and Roderick Employee Agreements.

**NINTH DEFENSE**

As a separate and affirmative defense, Defendants allege that the contracts upon which Union Home's claims are based were both procedurally and substantively unconscionable.

**TENTH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and acquiescence.

**ELEVENTH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims are barred due to Plaintiff's unclean hands.

**TWELVETH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims are barred because the Capretta and Roderick Employment Agreements are void for violating public policy.

**THIRTEENTH DEFENSE**

As a separate and affirmative defense, Defendants allege the non-compete and non-solicitation provisions in the Capretta and Roderick Employment agreements are unenforceable because those provisions are: (1) greater than what is required to protect Union Home; (2) impose undue hardship on Capretta and Roderick; (3) injurious to the public; and (4) not designed to protect legitimate business interests.  Defendants further allege enforcing the Capretta and Roderick Employment agreements would advance illegitimate business interests, including retaliation and repression of employee rights.

**FOURTEENTH DEFENSE**

As a separate and affirmative defense, Defendants allege Plaintiffs' claims are barred because of Defendants' selective enforcement of agreements similar to the Capretta and Roderick Employment Agreements.

Defendants reserve the right to add such additional affirmative defenses as may be appropriate in light of further information gained through the discovery process and trial and in the sole discretion of Defendants or their attorneys.

**WHEREFORE,** Defendants, having answered the Complaint, pray that the same be dismissed for no cause of action, that Union Home take nothing therefor, pray for Defendants' attorney fees and costs of court incurred herein, and for such other and further relief as the Court deems just under law and/or equity, including but not limited to pre-judgment and post-judgment interest.

**RESPECTFULLY SUBMITTED**,

/s/ *David J. Butler*
David J. Butler (0068455), Trial Attorney
Jonathan N. Olivito (0092169)
David K. Stein (0042290)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, Ohio 43215-4213
Phone: (614) 221-2838
Fax: (614) 221-2007
dbutler@taftlaw.com
jolivito@taftlaw.com
dstein@taftlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of this electronic filing to all parties and counsel of record.

                                              */s/ David J. Butler*
                                              David J. Butler